IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Peter J. Rowe, ) | |
| ) | C/A No.: 3:12-cv-1201-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER DIRECTING** |
| ) | **PARTIES TO BRIEF ISSUES** |
| ) | |
| Stephen K. Benjamin, Larry Knightner, ) | |
| Jacqueline Roundtree, and Bernie ) | |
| Mazyck, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the hearing on defendant Stephen K. Benjamin's motion to dismiss held on September 4, 2012, this court heard arguments regarding, among other things, the applicability of the United States Supreme Court's decision in *Garcetti v. Ceballos*, 547 U.S. 410 (2006), to the allegations in the instant case. In particular, the court asked the parties to address the significance, if any, of the fact that defendant Benjamin is not alleged to have been plaintiff's employer. Additionally, the court heard arguments regarding whether defendant Benjamin is entitled to qualified immunity as a public official.

In *Garcetti*, the Supreme Court acknowledged that "the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Id.* at 417. However, the Supreme Court held that "when public employees make statements pursuant to their official duties, the

1

employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421. Generally, the Supreme Court justified this holding by recognizing that "[g]overnment employers, like private employers, need a significant degree of control over their employees' words and actions" in order to efficiently provide public services. *Id.* at 418.

Several courts outside of the Fourth Circuit have distinguished the holding of *Garcetti* in cases where a public employee plaintiff alleges that a *non-employer* defendant has retaliated against the plaintiff in violation of the plaintiff's First Amendment rights. *See, e.g.*, *Leverington v. City of Colorado Springs*, 643 F.3d 719, 728–32 (10th Cir. 2011) (discussing *Worrell v. Henry*, 219 F.3d 1197, 1209–14 (10th Cir. 2000)); *Fairley v. Andrews*, 578 F.3d 518, 524 (7th Cir. 2009); *Stokes v. City of Mount Vernon*, 2012 WL 3536461, at *6–*7 (S.D.N.Y. Aug. 14, 2012); *Leavey v. City of Detroit*, 719 F. Supp. 2d 804, 812–13 (E.D. Mich. 2010); *Lewis v. Mills*, 2009 WL 3669745, at *3–*5 (C.D. Ill. Nov. 3, 2009). However, even though it found *Garcetti* to be distinguishable, at least one court held that a defendant was entitled to qualified immunity because the plaintiff's free-speech rights were not clearly established at the time of the alleged violation. *See Leverington*, 643 F.3d at 732–34.

Based on the above, this court believes that further briefing regarding the following issues would assist the court's resolution of the pending motion:

2

(1)     whether *Garcetti* applies to limit a public employee plaintiff's rights under the First Amendment where a defendant alleged to have retaliated against the plaintiff was not the plaintiff's employer; and

(2)     whether defendant Benjamin is entitled to qualified immunity, including whether the facts that plaintiff has alleged make out a violation of a constitutional right and whether the right at issue was clearly established at the time of the alleged misconduct by defendant Benjamin.

The parties are hereby directed to submit briefs regarding these issues to the court within fourteen (14) (days).

IT IS SO ORDERED.

September 11, 2012                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge